IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **STANLEY AND DEBRA JONES** | * | |
| Plaintiffs | * | |
| v. | * | Civil No. **PJM 15-2287** |
| **CITIMORTGAGE, INC**. | * | |
| Defendant | * | |

## MEMORANDUM OPINION

Stanley and Debra Jones brought this suit, *pro se*, against CitiMortgage, Inc., alleging fraud, theft, forgery, and predatory lending related to the Home Affordable Modification Agreement that the parties entered into in 2010.  CitiMortgage has moved to dismiss the suit on the ground that the Complaint fails to state a claim for which relief may be granted.  Def.'s Mot. Dismiss, ECF No. 7.  The Court agrees and, for the reasons that follow, will **GRANT** the Motion and **DISMISS** this suit.

**I.**

Relevant background facts to this case are found in the Amended Complaint in a related case, *Jones v. Nationstar Mortgage LLC*, Civ. No. 14-2888-PJM, which the Joneses attached as an exhibit to the two-page Complaint in the present case.  *See* Compl., Ex. A4, Amend. Compl., *Jones v. Nationstar Mortgage*, ECF No. 2-4.[1]

According to the Amended Complaint in *Jones v. Nationstar Mortgage*, on April 9, 2007, the Joneses obtained a loan from PHH Mortgage Corporation ("PHH") in the amount of

---

[1] The Joneses, through counsel, brought *Jones v. Nationstar Mortgage* in response to a foreclosure proceeding against their property located at 2322 Springdale Lane, Waldorf, Maryland that was initiated by Nationstar's substitute trustee in the Circuit Court for Charles County, Maryland (No. 08C14001486).

$374,000, in order to refinance their property at 2322 Springdale Lane, Waldorf, Maryland. Compl., Ex. A4, Amend. Compl. ¶ 12, *Jones v. Nationstar Mortgage*, Civ. No. 14-2888-PJM, ECF No. 2-4.  To secure the PHH Note, the Joneses executed a Deed of Trust on the property, which named PHH as the lender and Mortgage Electronic Registration System, Inc. ("MERS") as the "beneficiary" of the Deed of Trust, "acting solely as a nominee for Lender." *Id.* ¶¶ 13–15.

At some point in 2007 or 2008, the Federal National Mortgage Association ("Fanny Mae") became the owner of the PHH Note through a securitization process.  *See* Pls.' Resp. Opp'n Mot. Dismiss, Ex. 2, Property Securitization Analysis Report, Carrigan Aff. ¶¶ 8–7, ECF No. 15-2.  CitiMortgage does not dispute that Fannie Mae became the owner of the loan, and states that when it became the servicer of the loan on May 1, 2008, the loan was already owned by Fannie Mae.  *See* Def.'s Suppl. Br. Mot. Dismiss, Ex. 1, Dauster-Adams Aff. ¶¶ 11–12, ECF No. 19-1.

On May 17, 2010, the Joneses signed a Home Affordable Modification Agreement ("Modification Agreement"), which lists CitiMortgage as the "Lender" and MERS as the Lender's "nominee."  *See* Compl., Ex. A1, Modification Agreement at 1, ECF No. 2-1.  The Modification Agreement states that it is intended to "amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage," *id.* at 1, and that the "new Principal balance of my Note will be $401,621.17." *Id.* ¶ 3.B.  Of the $401,621.17 in principal, the terms of the agreement specify that $165,203.72 is the "Interest Bearing Principal Balance," which will require monthly payments beginning on June 1, 2010, while the remaining $236,417.45 is the "Deferred Principal Balance," which will not require monthly payments or accrue interest until June 1, 2015. *See id.* ¶ 3.C.  The Modification Agreement was recorded in the land records of

Charles County on November 5, 2010.  *See id.* at 1, 10; Pls.' Resp. Opp'n Mot. Dismiss, Ex. 2, Property Securitization Analysis Report, at 40, ECF No. 15-2.

On May 24, 2013, MERS, as nominee for PHH and its successors and assignees, executed an Assignment of the Deed of Trust in favor of Nationstar Mortgage, LLC ("Nationstar") as the assignee.[2]  *See* Compl., Ex. A4, Amend. Compl. ¶ 16, *Jones v. Nationstar Mortgage*, ECF No. 2-4.  On June 13, 2014, Carrie Ward, as Nationstar's substitute trustee, commenced foreclosure proceedings against the Joneses' property in the Circuit Court for Charles County, Maryland (No. 08C14001486), alleging default on the payment of the current note.  *See id.* ¶¶ 23–27.  Ward filed an "Ownership Affidavit" in the foreclosure proceedings that purported to certify that Nationstar Mortgage was the servicer of the loan, which was owned by Fannie Mae.  *See id.* ¶¶ 26–27.

On August 11, 2014, the Joneses, *pro se*, filed an action to quiet title against Nationstar in the Circuit Court for Charles County, Maryland (No. 08C14002043), which Nationstar removed to this Court.  *See Jones v. Nationstar Mortgage*, Notice of Removal, ECF No. 1.[3]  After the Joneses obtained counsel, they filed an Amended Complaint with additional claims, which were dismissed without prejudice to permit issues related to the Joneses' claim to title to be resolved in the state foreclosure proceedings.[4]  *See Jones v. Nationstar Mortgage*, Order of Dismissal, ECF No. 34.

---

[2] CitiMortgage states that on November 1, 2010, the servicing of the loan was transferred from CitiMortgage to Nationstar Mortgage.  *See* Def.'s Suppl. Br. Mot. Dismiss, Ex. 1, Dauster-Adams Aff. ¶ 16, ECF No. 19-1.

[3] For the purposes of this paragraph, the docket numbers refer to *Jones v. Nationstar Mortgage, LLC*, Civ. No. 14-2888-PJM.  The Court may take judicial notice of docket entries, pleadings, and papers in other cases without converting a motion to dismiss into a motion for summary judgment.  *See Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004) (citing *Papasan v. Allain*, 478 U.S. 265, 268 n.1, 106 S. Ct. 2932, 2935 n.1, 92 L.Ed.2d 209 (1986)).

[4] The Court dismissed with prejudice the Joneses' federal claim under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605.  *See Jones v. Nationstar Mortgage*, ECF No. 34.

The Joneses, once again *pro se*, filed the present suit against CitiMortgage on June 29, 2015 in the Circuit Court for Charles County, Maryland (No. 08C15001621), which CitiMortgage removed to this Court on August 5, 2015. *See* Notice of Removal, ECF No. 1.

The Complaint in the present suit brings claims of "fraud, theft, forgery and predatory lending" against CitiMortgage, alleging that the Modification Agreement was an "illegal transaction." Compl. at 1, ECF No. 2. The Joneses assert as evidence of this supposed illegal transaction the fact that the Modification Agreement "increased the princip[al] amount on said property . . . from $374,000 to $401,621," an increase of $27,621. *Id.* CitiMortgage purportedly "performed the Home Affordable Modification transaction on November 1, 2010" despite the fact that "Nationstar Mortgage, LLC and PHH Mortgage Corp. (PHH) with MERS claimed to be the holder of the note." *Id.* The Joneses seek relief in the amount of $276,210 in damages. *Id.*

On August 12, 2015, CitiMortgage moved to dismiss the Complaint for failure to state a claim for relief. ECF No. 7. The Joneses filed a Response in Opposition on October 2, 2015, ECF No. 15, to which CitiMortgage replied on October 15, 2015. ECF No. 16.

On March 17, 2015, the Court issued a Memorandum Order, requesting that CitiMortgage file a short supplemental brief addressing its relationship to the note at the time of the Modification Agreement. ECF No. 17. CitiMortgage filed a Supplemental Brief in Support of the Motion to Dismiss, which elaborated that, as the servicer of the loan, it was authorized to enter into a Modification Agreement by Fannie Mae, the owner of the loan. *See* Def.'s Suppl. Br. Mot. Dismiss, Ex. 1, Dauster-Adams Aff. ¶¶ 11–16, ECF No. 19-1.

## II.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). This standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009). Although a court will accept factual allegations as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

Whether a complaint adequately states a claim for relief is normally judged under Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, claims for fraud must meet the heightened pleading standard of Rule 9(b), which requires a party to "state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). A plaintiff alleging claims that sound in fraud must, at a minimum, describe the "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015) (internal quotation marks omitted).

While federal courts must liberally construe a *pro se* litigant's claims, this requirement "does not transform the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012). The Fourth Circuit has noted that "[w]hile *pro se* complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)).

### III.

CitiMortgage argues that the Joneses' two-page Complaint fails to allege facts that constitute elements of a legally cognizable claim. Def.'s Mot. Dismiss at 2–4, ECF No. 7. The Court agrees.

The Complaint is far from clear as to what aspects of the Modification Agreement the Joneses believe constitute "fraud, theft, forgery, and predatory lending" by CitiMortgage. "Theft" and "forgery" do not refer to cognizable civil claims under Maryland law.[5] In regard to the "predatory lending" claim, the Complaint fails to state what specific law CitiMortgage purportedly violated, which is required in order to survive a motion to dismiss. To state a claim for predatory lending, "a plaintiff must plead 'facts that would support a reasonable inference that the defendants engaged in abusive lending practices,' and 'must allege the specific law violated by the defendant's predatory behavior.'" *Wiseman v. First Mariner Bank*, No. ELH-12-2423, 2013 WL 5375248, at *7 (D. Md. Sept. 23, 2013) (quoting *Sucklal v. MTGLQ Investors LP*, No. WDQ–10–1536, 2011 WL 663754 (D. Md. Feb. 14, 2011)).

The Joneses are left, then, with a claim for fraud, which is subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Under Maryland law, a claim for fraud or fraudulent misrepresentation requires a plaintiff to show: (1) that the defendant made a false representation to the plaintiff; (2) knowing its falsity or with reckless indifference as to its truth; (3) for the purpose of defrauding the plaintiff; (4) that the plaintiff relied on the misrepresentation and had the right to rely on it; and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation. *Moscarillo v. Prof'l Risk Mgmt. Servs., Inc.*, 398

---

[5] The Court notes that, for the reasons that follow in this section, it would be futile to give the Joneses leave to amend in order allege a tort claim such as conversion or unjust enrichment. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) ("[If the] amended complaint could not withstand [a] motion to dismiss, [the] motion to amend should be denied as futile.") (citations omitted).

Md. 529, 544, 921 A.2d 245, 253 (Md. 2007) (citing *Nails v. S & R, Inc.*, 334 Md. 398, 415–16, 639 A.2d 660, 668 (Md. 1994).

The Joneses appear to make two arguments in support of their claims: (1) it was illegal for CitiMortgage to "charge" $27,621 for the Modification Agreement by increasing the principal balance by that amount; and (2) CitiMortgage "is not the 'Holder in Due Course' [of the note]" and has no "right . . . to make such a transaction without [the] assignor's permission." Pls.' Resp. Opp'n Mot. Dismiss at 3, ECF No. 15. The Joneses also add that the "transaction was processed without Plaintiff's consent or knowledge." *Id.* at 2.

The Court concludes that such assertions fail state with requisite particularity a claim for fraud.

First, the Joneses have failed to state any cause of action, let alone a claim for fraud, based on the fact that the Modification Agreement increased the principal balance of the loan by $27,621. There is nothing out of the ordinary about the terms of the Modification Agreement, which, in fact, appear to be favorable to the Joneses. The Modification increased the principal balance from $374,000 to $401,621.17, while reducing the Joneses' monthly loan payments through the deferment of both interest accrual and payment on more than half of the principal balance. *See* Compl., Ex. A1, Modification Agreement ¶¶ 3.B, 3.C, ECF No. 15-1. Further, the copy of the Modification Agreement provided by the Joneses shows that they both signed the agreement before a notary on May 17, 2010. *Id.* at 6–7. To the extent that the Joneses are concerned that some additional "illegal transaction" took place in "November 2010" without their knowledge, *see* Pls.' Resp. Opp'n Mot. Dismiss at 1–2, they appear to be referring to the date the Modification Agreement was recorded in the land records of Charles County. *See* Compl., Ex. A1, Modification Agreement at 1, 10, ECF No. 15-1 (indicating that the recordation

tax was paid on November 1, 2010, and the recording fee was paid on November 5, 2010); Pls.' Resp. Opp'n Mot. Dismiss, Ex. 2, Property Securitization Analysis Report at 40, ECF No. 15-2 (noting in a voluntary lien report that the agreement with CitiMortgage was recorded on November 5, 2010). Again, there is nothing here that even begins to suggest a fraudulent or "illegal transaction" took place.

Second, as to the argument that CitiMortgage has no "right . . . to make such a transaction without [the] assignor's permission," the Complaint also fails to state a claim for fraud. The Joneses assert that their claims are supported by the Property Securitization Analysis Report, which concludes that, through a securitization process, Fannie Mae became the "trustee" or owner of the loan.[6] *See* Pls.' Resp. Opp'n Mot. Dismiss, Ex. 2, Property Securitization Analysis Report, 32–35, ECF No. 15-2. However, courts have routinely rejected the assertion that the mere act of securitization makes loan documents unenforceable. *See, e.g., Leith v. Deutsche Bank Nat'l Trust Co.*, No. RDB-15-1672, 2016 WL 704306, at *4 (D. Md. Feb. 23, 2016) ("The Note thus remains enforceable, even after securitization."); *Reed v. PNC Mortgage*, No. AW-13-1536, 2013 WL 3364372, at *3 (D. Md. July 2, 2013) (citing cases); *Anderson v. Burson*, 424 Md. 232, 238, 35 A.3d 452, 456 (Md. 2011).

The Joneses also argue that CitiMortgage did not have a right to enter into a Modification Agreement based on the fact that Nationstar Mortgage and PHH Mortgage "claimed to be the holder of the note." Compl. at 1. However, this is no more than a conclusory statement which, on its own, does not articulate a fraudulent misrepresentation on the part of CitiMortgage. While this alone fails to meet the heightened pleading standard under Rule 9(b), it is worth noting that the evidence the Joneses have provided is entirely consistent with CitiMortgage's simple

---

[6] CitiMortgage states that, as the servicer for the loan, which was owned by Fannie Mae, CitiMortgage was authorized to enter into a Modification Agreement. *See* Def.'s Suppl. Br. Mot. Dismiss, Ex. 1, Dauster-Adams Aff. ¶¶ 15–16, ECF No. 19-1.

explanation that it was acting as the servicer of the loan for Fannie Mae, and the Joneses appear to agree the loan was owned by Fannie Mae.[7]  *See* Pls.' Resp. Opp'n Mot. Dismiss, Ex. 2, Property Securitization Analysis Report, 32–35, ECF No. 15-2; Def.'s Suppl. Br. Mot. Dismiss, Ex. 1, Dauster-Adams Aff., ¶¶ 11–12, ECF No. 19.  Ultimately, the fact that Nationstar's substitute trustee will need to account for the transfer of the note in the foreclosure proceedings hardly suggests a fraudulent misrepresentation by CitiMortgage,[8] and it comes nowhere close to stating a claim for fraud with the particularity required under Rule 9(b).

The Court concludes that the Joneses have failed to a state a claim for fraud, or for any type of "illegal transaction" by CitiMortgage by means of the Modification Agreement.

**IV.**

Accordingly, CitiMortgage's Motion to Dismiss for Failure to State a Claim, ECF No. 7, is **GRANTED**, and the Joneses' suit is **DISMISSED WITH PREJUDICE.**

A separate Order will **ISSUE.**

/s/

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**March 30, 2016**

---

[7] The Joneses do not allege, for example, that CitiMortgage and Nationstar both claimed the right to service the loan or collect loan payments at the same time.

[8] Courts have noted that in the securitization process "[m]ortgage transferors frequently lose or misplace mortgage documents and fail to indorse mortgage notes." *Anderson v. Burson*, 424 Md. 232, 238, 35 A.3d 452, 456 (2011).  While this lack of care has increased the necessity of lost note affidavits in foreclosure proceedings, *see id.* at 238 n.9, substantially more must be alleged than possible gaps in the transfer history of the note in order to state a claim for fraud.